*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *DARRYL SCHNEIDER, et al.,* | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| *v.* | ) | *No. 2:20-cv-00078-JDL* |
| | ) | |
| *ABC INC., et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

*RECOMMENDED DECISION ON MOTIONS TO DISMISS*

Seven of the eight named defendants in this case move to dismiss all claims of *pro se* plaintiffs Darryl Schneider and Sandra Kimball against them on various bases, including improper venue. *See* Defendant AXIS Insurance Company's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6) and, Alternatively, for a More Definite Statement Pursuant To Fed. R. Civ. P. 12(e) ("AXIS Motion") (ECF No. 40); Defendant Florida Lawyers Mutual Insurance Company's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6) ("FLMIC Motion") (ECF No. 46); Defendant Chart Industries Inc.'s Motion To Dismiss ("Chart Motion") (ECF No. 51); ABC, Inc.'s Motion to Dismiss ("ABC Motion") (ECF No. 56); Free Methodist Church of North America, Inc.'s Motion to Dismiss Plaintiffs' Complaint and/or Motion to Strike Sandra Kimball's Complaint ("Free Methodist Motion") (ECF No. 62); Defendant Agency for Community Treatment Services, Inc.'s Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) ("ACTS Motion") (ECF No. 65); Defendant CNA's Motion to Dismiss

Under Rules 12(b)(1), (2), (3) and (6) ("CNA Motion") (ECF No. 66).[1]  The plaintiffs have filed

no response to any of the motions.  *See generally* ECF Docket.  For the reasons that follow, I

conclude that the plaintiffs fall short of demonstrating that venue in this district is proper and, on

that basis, recommend that the court dismiss this case without prejudice.[2]  Should the court agree,

I recommend that it deem all of the plaintiffs' pending motions moot.  *See* ECF Nos. 9, 10, 11, 18,

19, 20, 21, 25, 29.

## I.   Applicable Legal Standards

When ruling on a pretrial motion challenging venue, "'[a]ll well-pleaded allegations in the

complaint bearing on the venue question generally are taken as true, unless contradicted by the

defendant's affidavits.'"  *Turnley v. Banc of Am. Inv. Servs., Inc*., 576 F. Supp. 2d. 204, 211 (D.

Mass. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* ("*FPP*") § 1352 (3d ed. 2004)).  "'A district court may examine facts outside the

complaint to determine whether its venue is proper.'"  *Id*. (quoting 5B *FPP* § 1352).  The plaintiff

bears the burden of showing that "venue is proper in the judicial district in which the action has

been brought."  *Id*. (quoting *Transam. Corp. v. Trans-Am. Leasing Corp*., 670 F. Supp. 1089, 1090

(D. Mass. 1987)) (footnote omitted).  "The district court of a district in which is filed a case laying

venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer

such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

---

[1] The plaintiff did not succeed in effectuating service on the eighth defendant, Donald Trump.  *See* ECF Nos. 31, 32, 38.  That has no bearing on the outcome of the remaining seven defendants' motions to dismiss.

[2] This court's Local Rule 7(b) permits the court to treat a party's failure to oppose a motion to dismiss as a waiver of objection.  *See* Loc. R. 7(b).  However, "a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default."  *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004).  "If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim."  *Vega-Encarnacion v. Babilonia,* 344 F.3d 37, 41 (1st Cir. 2003).  While I have not reached the merits of the defendants' arguments that the complaint fails to state a claim, I have, in an abundance of caution and in view of the plaintiffs' *pro se* status, considered the merits of the defendants' arguments that the plaintiffs have failed to carry their burden of demonstrating that venue is proper in this court.

## II.  Factual Background

The plaintiffs, Darryl Schneider and Sandra Kimball, reside in Tampa, Hillsborough County, Florida.  *See* Amended Complaint Pursuant to Racketeer Influenced and Corrupt Organizations Act and Other Causes of Action ("Amended Complaint") (ECF No. 28) at 182. Schneider complains that, (i) in 2012, his mother was abused, neglected, exploited, and murdered by her three caretakers in Florida, *see id.* at 3, (ii) the Florida probate court wrongfully disposed of her estate, *see id.*, and (iii) the Florida Governor's Office, the Hillsborough County, Florida, Sheriff's Office, the Hillsborough County Coroner's Office, the Florida Attorney General's Office, and numerous judges of the 13th Judicial Circuit and the Second District Court of Appeals in Florida failed to rectify or otherwise contributed to the alleged fraud perpetrated upon him, *see, e.g., id.* at 3-4, 6-7, 37-38, 69-70.

Kimball alleges that she was wrongfully expelled from an after-care program in Hillsborough County, Florida, by a company sponsored, funded, and technically owned by defendant Free Methodist Church of North America ("Free Methodist"), as a result of which Free Methodist is liable to her for time spent in prison for the remainder of an 18-month prison sentence, *see id.* at 45-46, and that defendant Agency for Community Treatment Services ("ACTS") is liable to her for 13 days of wrongful jail incarceration and six months of wrongful incarceration in another inappropriate jail diversion program, *see id.* at 47-48.  The plaintiffs also allege that ACTS stole apartment furnishings and money from them.  *See id.* at 47.

Schneider alleges that Donald Trump and ABC, Inc. ("ABC") are liable for failing to intervene in or expose the complained-of events in Florida, alleging that ABC failed to air reporter

Adam Waiser's[3] story about himself and his mother and that ABC, through Willow Bay of the University of Southern California, tortiously interfered with his posting of an advertisement soliciting a journalist to write a story about his mother's murder coverup and those responsible. *See id.* at 94-95, 100-01, 137-39, 143-49, 255-56, 323, 380-81, 400-06.

Schneider alleges that ABC has offices, agents, and affiliates in every major city in America, including WMTW, an ABC-affiliated television station licensed in Poland Spring, Maine, that serves the Portland, Maine, television market and operates a low-power digital fill-in translator from Portland, Maine, and that ABC provides advertising for its customers, through its affiliated broadcasting stations, on signals transmitted from their towers to end users in particular forums, thereby, he alleges, "transact[ing] their affairs in those forums."  *Id.* at 178-79.

 Schneider alleges that the three insurance companies named as defendants in this suit, Florida Lawyers Mutual Insurance Company ("FLMIC"), CNA Insurance Co. ("CNA"), and AXIS Insurance ("AXIS"), were co-conspirators in the underlying Florida cases, *see id.* at 111-12, 203-04.

Schneider sues Chart Industries, Inc. ("Chart") for failing to honor a 10-year warranty when a product that he purchased, a liquid nitrogen storage tank, failed after six years, asserting that this claim was illegally dismissed in Florida state court.  *See id.* at 311, 315-16.

The plaintiffs complain, in the main, that the defendants committed Racketeer Influenced and Corrupt Organizations ("RICO") violations.  *See, e.g., id.* at 45-47, 94, 137-39; 18 U.S.C. § 1964(c).

---

[3] ABC notes that the complaint "refers to an 'Adam Waiser' and an 'Adam Weiss,'" both of which are apparent misspellings of the surname "Walser."  ABC Motion at 2 n.2.  ABC represents that Walser is a reporter at WFTS in Tampa, Florida.  *See id.* at 2 n.4.

### III.  Discussion

Pursuant to 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States[,]" 28 U.S.C. § 1391(a)(1), a civil action may be brought in:

> (1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

> In addition, as concerns RICO claims:
>
> (a)     Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
>
> (b)     In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(a)-(b).

The RICO venue provision "was intended to supplement, rather than supplant, § 1391." *N. C. Mut. Life Ins. Co. v. Stamford Brook Capital, LLC*, 1:16CV1174, 2019 WL 4747851, at *7 (M.D.N.C. Sept. 27, 2019).  Accordingly, "a plaintiff can maintain an action under the general provisions of § 1391 even if venue is improper under the RICO-specific provisions of § 1965." *Id*.  The plaintiffs fail to demonstrate that venue is proper under either statute.

Apart from alleging that ABC has an affiliate in Maine, the plaintiffs do not allege that any defendant resides in this state or has any connection to it.  Nor do they allege that any events or

omissions giving rise to their claims occurred in Maine or that any property that is the subject of this action is situated in Maine.  Nor, finally, have the plaintiffs shown that there is no district in which an action may otherwise be brought.  To the contrary, insofar as appears, nearly all of the events or omissions giving rise to their claims occurred in Florida.[4]  The plaintiffs, accordingly, fall short of demonstrating that venue is proper in this district pursuant to section 1391(b).

The plaintiffs likewise fail to show that venue is proper pursuant to the RICO venue statute, section 1965(a).  That there is an ABC-affiliated television station in Poland Spring, Maine, does not, standing alone, demonstrate that *ABC* "resides, is found, has an agent, or transacts [its] affairs" in Maine.  18 U.S.C. § 1965(a); *see, e.g., So/Cal Orthopedics, Inc. v. Protek/A.G.*, No. C-95-20196-JW, 1996 WL 61293, at *3 (N.D. Cal. Feb. 6, 1996) (rejecting plaintiffs' argument that venue was proper in the Northern District of California pursuant to section 1965(a) based on fact that two of the defendants' affiliates engaged in business within that judicial district; noting that plaintiffs did not list the specific business activity conducted within the district or explain the relationship, if any, between the defendants and the affiliates).

In this case, as well, while the plaintiffs describe activities of WMTW and generally allege that ABC provides advertising for its customers on signals transmitted from their towers to end users in particular forums, *see* Amended Complaint at 178-79, the complaint is devoid of factual content describing the manner, if any, in which WMTW acts *in this district* on behalf of ABC or ABC "transacts [its] affairs" here, 18 U.S.C. § 1965(a).

---

[4] Indeed, as Free Methodist notes, in a "clear attempt to forum shop," Free Methodist Motion at 9, the plaintiffs justify venue in Maine with the assertion that they "would <u>not</u>, by beyond reasonable doubt evidence, receive a fair and equitable ruling in any <u>Florida</u> U.S. district court due to local political influences," Amended Complaint at 178 (emphasis in original).

Accordingly, as the defendants argue, *see* AXIS Motion at 14-16; FLMIC Motion at 5-6; Chart Motion at 1; ABC Motion at 3-4; Free Methodist Motion at 9; ACTS Motion at 3-4; CNA Motion at 6-7, the plaintiffs fail to demonstrate the propriety of venue in this court.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."  *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir. 1993).

Several of the defendants contend that, for various reasons, it is not in the interest of justice to transfer this case.  *See* AXIS Motion at 15-16; FLMIC Motion at 6; *see also, e.g*., ABC Motion at 3-4, 8.  I agree.  As ABC argues, *see* ABC Motion at 3, the complaint is subject to dismissal for violation of Federal Rules of Civil Procedure 8 and 10 alone.  Rule 8 requires that, to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Rule 10 requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

While the plaintiffs' complaint numbers a staggering 470 pages, it contains no consistent paragraph numbering system and relatively few concrete factual allegations against the named defendants, and is replete with legal argument, conclusory statements, and allegations against other persons and entities.  That the complaint is "prolix, disjointed, replete with legal conclusions" and "difficult if not impossible" to follow in itself warrants its dismissal.  *Miranda v. United States*, 105 F. App'x 280, 281 (1st Cir. 2004).  Transfer of this case to another district, therefore, is not in the interest of justice.

## IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the motions of defendants AXIS, FLMIC, Chart, ABC, Free Methodist, ACTS, and CNA to dismiss the amended complaint for improper venue. Should the court agree, I further recommend that the court **DISMISS** the amended complaint without prejudice rather than transferring this case to another district, with instructions that the Clerk's Office close this case, and **DEEM** the plaintiffs' pending motions, ECF Nos. 9, 10, 11, 18, 19, 20, 21, 25, 29, **MOOT**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of August, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge