## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **DARRYL SCHNEIDER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **2:20-cv-00078-JDL** |
| | ) | |
| **ABC INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER ON PENDING MOTIONS

Plaintiffs Darryl Schneider and Sandra Kimball bring claims against eight Defendants (ECF No. 28)**,** seven of whom have moved to dismiss (ECF Nos. 40, 46, 51, 56, 62, 65, 66).[1]  United States Magistrate Judge John H. Rich III filed his Recommended Decision with the Court on August 29, 2020 (ECF No. 73), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2021) and Fed. R. Civ. P. 72(b).   In his Recommended Decision, the Magistrate Judge recommends that the Court dismiss this case without prejudice on the basis of improper venue and that all of the Plaintiffs' pending motions (ECF Nos. 9, 10, 11, 18, 19, 20, 21, 25, 29) should be denied as moot.

The Plaintiffs filed an objection to the Recommended Decision on September 10, 2020 (ECF No. 74).[2]  The seven Defendants who have appeared in this case also

---

[1] The eighth Defendant, former President Donald J. Trump, was never successfully served with process, for reasons that I will explain.

[2] The Plaintiffs' objection to the Recommended Decision makes no discernible legal argument, and I therefore do not address it further.

filed limited objections (ECF Nos. 76, 77, 78, 79, 80, 81, 82, 86-1). The limited objections all ask the Court to dismiss the claims against the Defendants with prejudice.

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendation of the Magistrate Judge as to his analysis that venue is improper for the reasons set forth in his Recommended Decision. However, I write to explain why, in light of each of the responsive Defendants' various arguments regarding subject-matter jurisdiction, personal jurisdiction, and the merits, the claims against each Defendant will be dismissed with or without prejudice.

## I. BACKGROUND

The following facts stem from the Plaintiffs' Amended Complaint (ECF No. 28).[3] The Plaintiffs allege four discernible wrongs relating to the death of Schneider's mother. First, the Amended Complaint alleges that Schneider's mother was "abused, neglected, exploited and murdered by her three (3) caretakers." ECF No. 28 at 2. Second, it complains that a Florida probate court wrongfully disposed of Schneider's mother's estate. Third, it theorizes that a network of lawyers, judges, and government officials enabled or contributed to the wrongdoing and to an overall corrupt enterprise against Schneider. Three insurance companies—Florida Lawyers

---

[3] In his Recommended Decision, the Magistrate Judge notes that the Amended Complaint is "a staggering 470 pages" and states that it is "'prolix, disjointed, replete with legal conclusions' and 'difficult if not impossible' to follow." ECF No. 73 at 7 (quoting *Miranda v. United States*, 105 F. App'x 280, 281 (1st Cir. 2004) (per curiam)). I agree.

Mutual Insurance Company ("FLMIC"), Continental Casualty Company ("CNA"), and Axis Insurance Company ("Axis")—are alleged co-conspirators in the network of corrupt judges and lawyers.  Fourth, the Amended Complaint asserts that both former President Trump and ABC, Inc. ("ABC") failed to intervene in or expose this wrongdoing.

Unrelated to the claims regarding Schneider's mother, the Amended Complaint further asserts that Kimball was wrongfully incarcerated twice.  The Free Methodist Church of North America ("FMCNA") is allegedly responsible for one wrongful incarceration, and the Agency for Community Treatment Services ("ACTS") is allegedly responsible for the other.  The Amended Complaint also alleges that ACTS is responsible for stealing apartment furnishings and money from the Plaintiffs.

Lastly, the Amended Complaint alleges that Chart Industries, Inc. ("Chart") failed to honor a ten-year warranty on a liquid nitrogen storage tank purchased by Schneider.  This claim mirrors one that was previously dismissed in a Florida state court.

The Plaintiffs weave these various unrelated allegations together by claiming that they were all part of a scheme by the Defendants that violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C.A. § 1964(c).

## II.  LEGAL STANDARDS

The responding Defendants raise varying defenses to the web of allegations in the Amended Complaint.  Initially, all responding Defendants, other than ABC,

raised lack of either subject-matter jurisdiction, personal jurisdiction, or both. All responding Defendants including ABC also raised improper venue and failure to state a claim upon which relief could be granted.[4]   After the Magistrate Judge recommended dismissal without prejudice based on improper venue, the responsive Defendants filed various limited objections urging this Court to dismiss the Amended Complaint with prejudice.

However, the Court cannot dismiss any claim in the Amended Complaint with prejudice if it lacks subject-matter jurisdiction over the claim or personal jurisdiction over the Defendant against whom the claim is asserted.  *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 520 (6th Cir. 2006) (personal jurisdiction); *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) (subject-matter jurisdiction). The Magistrate Judge did not address these threshold issues.  Therefore, I first address the legal standards regarding each concept—as well as the legal standard for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)—and then apply those standards accordingly.

### A.     Subject-Matter Jurisdiction and the *Rooker-Feldman* Doctrine

The Court reviews the Amended Complaint for subject-matter jurisdiction, when it is challenged on its face,[5] under the same plausibility standard as a Rule 12(b)(6) motion to dismiss.  *See Vazquez v. P. R. Police Dep't.*, CV No. 01-2465, 2005

---

[4]  Because I conclude that this Court lacks subject-matter jurisdiction over the claim against Chart and personal jurisdiction over Chart, FMCNA, ACTS, Axis, FLMIC, and CNA, I do not reach any additional arguments raised by those parties.

[5]  Although there are obvious potential challenges to the facts in the Amended Complaint, the Defendants' jurisdictional challenges here are facial rather than factual.

WL 2406170, at *2 (D.P.R. Sept. 29, 2005) ("The standard for a Rule 12(b)(1) facial attack motion is identical to the Rule 12(b)(6) motion standard.").  In other words, when subject-matter jurisdiction is challenged on its face, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

There is no presumption of subject-matter jurisdiction; courts are required to self-regulate to ensure that they have the authority to hear each case.  *See* Fed. R. Civ. P. 12(h)(3); *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) (emphasizing the importance of self-restraint "[b]ecause federal judges are not subject to direct check by any other branch of government").  Where federal law creates the cause of action, federal question jurisdiction exists.[6]  *See* 28 U.S.C.A. § 1331 (West 2021) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

The *Rooker-Feldman* jurisdictional doctrine further restricts federal court jurisdiction.  Because 28 U.S.C.A. § 1257 vests exclusive "jurisdiction over appeals from final state-court judgments" in the United States Supreme Court, the *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"  *Lance v. Dennis*, 546 U.S. 459,

---

[6] "[D]iversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants.  This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." *Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 53-54 (1st Cir. 2009) (internal quotation marks and citation omitted).  Because the Plaintiffs appear to be Florida citizens and there are multiple Defendants who are also Florida citizens, complete diversity of citizenship does not exist.

460, 463 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The doctrine is narrowly "confined to [1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Silva v. Massachusetts*, 351 F. App'x 450, 454 (1st Cir. 2009) (quoting *Lance*, 456 U.S. at 464).

## B.    Personal Jurisdiction in RICO Cases

Under the "prima facie" standard of review—which applies where, as here, no evidentiary hearing has occurred—it is the "plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." *United Elec. Radio & Mach. Workers v. 163 Pleasant Street Corp.*, 987 F.2d 39, 44 (1st Cir. 1993) (internal alterations and quotation marks omitted); *see also United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001).

"Personal jurisdiction implicates the power of a court over a defendant." *Foster-Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 143 (1st Cir. 1995).  In federal question cases, a court has personal jurisdiction over a defendant only if "the due process requirements of the Fifth Amendment" are satisfied and there is a successful service of process.  *McCarthy v. Waxy's Keene, LLC*, No. 16-cv-122-JD, 2016 WL 4250290, at *2 (D.N.H. Aug. 10, 2016) (citing *Swiss Am. Bank¸* 274 F.3d at 618). Typically, "a federal district court may exercise either general or specific jurisdiction over a defendant." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825

F.3d 28, 35 (1st Cir. 2016).  The assertion of general personal jurisdiction is permitted when the defendant has engaged in the "continuous and systematic pursuit of general business activities in the forum state."  *Cossaboon v. Me. Med. Ctr.*, 600 F.3d 25, 32 (1st Cir. 2010) (quoting *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir. 1984)). Specific personal jurisdiction is confined to the harm alleged in a complaint and is permitted when (1) the claim is related to the defendant's forum-state activities, (2) the defendant's in-state contacts represent purposeful availment of the privilege of conducting activities in the forum state, and (3) the exercise of personal jurisdiction is reasonable.  *See Foster-Miller*, 46 F.3d at 144.

RICO claims afford a further reach: if there is personal jurisdiction, based on minimum contacts with the forum, over one of the defendants, that personal jurisdiction can be extended to other defendants who lack minimum contacts with the forum.  *See PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998).  However, "the courts differ in their assessments of the precise contours of that power."  *Dispensa v. Nat'l Conf. of Cath. Bishops*, No. 19-cv-556-LM, 2020 WL 2573013, at *8 (D.N.H. May 21, 2020).  The majority of circuit courts have agreed that a federal district court may have the power of personal jurisdiction "so long as both (i) personal jurisdiction over another civil RICO defendant otherwise exists in the forum, and (ii) 'the ends of justice require' that the court exercise personal jurisdiction."[7]  *Id.* at *9 (quoting 18 U.S.C.A. § 1965(b)).

---

[7] The circuits are split as to whether the second prong of this assessment is necessary, and the First Circuit has not yet ruled on the issue. *See Dispensa*, 2020 WL 2573013, at *9-10.  For the reasons outlined by the District of New Hampshire in *Dispensa¸* I adopt the majority approach and determine that the "ends of justice" inquiry is required.

### C.     Failure to State a Claim Under Rule 12(b)(6)

A court reviewing a motion to dismiss for failure to state a claim must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 52-53 (1st Cir. 2013) (quoting *Santiago v. Puerto Rico*, 655 F.3d 61, 72 (1st Cir. 2011)). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* at 53 (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)).

Courts apply a two-pronged approach in resolving a motion to dismiss under Rule 12(b)(6). *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). First, courts must identify and disregard statements in the complaint that merely offer legal conclusions couched as factual allegations. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Second, courts "must determine whether the remaining factual content allows a reasonable inference that the defendant is liable for the misconduct alleged." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (quotation marks and citation omitted). Determining the plausibility of a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 80 (quoting *Iqbal*, 556 U.S. at 679).

Pro se complaints "must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).   However, despite this relaxed pleading standard, a pro se complaint must not be "too vague to enable the defendants to file a responsive pleading." *Fease v. Town of Shrewsbury*, 188 F. Supp. 2d 16, 17 (D. Mass. Jan. 4, 2002); *see also Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("[P]ro se status does not insulate a party from complying with procedural and substantive law.").

In all valid civil RICO claims the plaintiff must allege an "injur[y] in his business or property by reason of a violation of section 1962 of [the RICO statute]." 18 U.S.C.A. § 1964(c). Without a showing of actual injury—that is, financial loss or injury—a RICO claim cannot be supported. *First Pac. Bancorp, Inc. v. Bro*, 847 F.2d 542, 547 (9th Cir. 1988) ("Absent damages, [a] RICO claim [cannot] be sustained."); *see also Berg v. First State Ins. Co.*, 915 F.2d 460, 464 (9th Cir. 1990).   "[C]laims for personal injuries, such as emotional distress, are not 'business or property' and are not cognizable under RICO." *Zareas v. Bared-San Martin*, 209 F. App'x 1, 2 (1st Cir. 2006) (per curiam) (quoting § 1964(c)).   Additionally, "[i]njury to mere expectancy interests or to an intangible property interest is not sufficient to confer RICO standing." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir. 1998) (internal quotation marks omitted).

## III.  ANALYSIS

As I have previously explained, despite the responding Defendants' desire for dismissal with prejudice, this Court must have subject-matter jurisdiction to reach

the merits of the case and personal jurisdiction to issue a binding decision as to each Defendant.  I therefore address the jurisdictional issues first.

## A.    The Court Lacks Subject-Matter Jurisdiction Over the Claim Against Chart

In the case at bar, applying the liberal reading required in pro se cases, *see Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004), the Amended Complaint can be broadly read to allege a RICO claim as the only discernible cause of action.  An allegation of a RICO violation generally gives rise to federal question jurisdiction.  *See, e.g., Fort v. Abzco, LLC*, 470 F. Supp. 3d 133, 137 (D.P.R. 2020).  However, the RICO claim against Chart stems from litigation in state court in which Schneider was previously unsuccessful.[8]

This case involves a straightforward application of *Rooker-Feldman* and fits comfortably into the four elements of the doctrine described above.  With regard to the "state court loser" requirement, the Plaintiffs explain that their RICO claim is based on the fact that Schneider lost multiple cases against Chart brought in state court.  The Plaintiffs' own submissions include a Florida state court Order of Final Judgment issued in favor of Chart and against Schneider.  Further, with regard to whether the complaining injuries were caused by a state court judgment, the crux of

---

[8] CNA also argues that this Court lacks subject-matter jurisdiction over the claim against it pursuant to the *Rooker-Feldman* doctrine, because the Plaintiffs' claim against CNA is based on a number of state court cases in which Schneider was unsuccessful.  However, CNA was not a party to the underlying state court cases, but rather was the insurer of one of the parties.  Accordingly, I decline to apply the "narrow [*Rooker-Feldman*] doctrine" to CNA.  *See Lance v. Dennis*, 546 U.S. 459, 464 (2006); *see also id.* at 466 ("The doctrine applies only in limited circumstances, where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.  The *Rooker–Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because . . . they could be considered in privity with a party to the judgment.") (internal citation and quotation marks omitted).

the Plaintiffs' claim against Chart is that Chart was part of a broad conspiracy to deprive Schneider of success in court.

The next requirement of *Rooker-Feldman*—that the state court decision be rendered before the district court proceedings commenced—is met here as well. The Florida state court's Order of Final Judgment was issued on December 1, 2016. In a second lawsuit brought by Schneider against Chart, summary judgment was entered in favor of Chart by the Florida state court on res judicata grounds on February 7, 2018. Following an appeal in which it affirmed the lower court's res judicata decision, the Florida intermediate appellate court entered its mandate on July 8, 2019. The final record of any action in the Florida state court was issued on January 24, 2019. The Plaintiffs did not commence this federal action until March 4, 2020.

Finally, the Amended Complaint invites district court review and rejection of the Florida state court judgment, which was decided in favor of Chart and against Schneider. The Plaintiffs ask this court to view the Florida state court judgment as the culmination of a widespread conspiracy against Schneider. In other words, the "only real injury to [the] Plaintiffs is ultimately . . . caused by a state court judgment." *Davison v. Gov't of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006).

Accordingly, this Court lacks subject-matter jurisdiction over the only discernible claim against Chart pursuant to the *Rooker-Feldman* doctrine, and the claim must be dismissed.[9]

---

[9] The First Circuit has noted that "lack of subject matter jurisdiction precludes a disposition on the merits," but has nevertheless suggested that a court may enter a dismissal on *Rooker-Feldman* grounds with prejudice. *Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 46 n.3 (1st Cir. 2003). Other circuits have concluded that because the *Rooker-Feldman* doctrine is jurisdictional, it cannot lead to a

**B.**     **The Court Lacks Personal Jurisdiction Over Defendants Chart, FMCNA, ACTS, Axis, FLMIC, CNA, and former President Trump**

Personal jurisdiction does not exist for Defendants Chart, FMCNA, ACTS, Axis, FLMIC, and CNA.[10]   The Plaintiffs' contend that personal jurisdiction exists over all of the Defendants based on the RICO statute's expansive personal jurisdiction provisions.  In a document entitled "Jurisdiction and Venue," ECF No. 9-1 at 1, the Plaintiffs submit a Wikipedia page for an ABC-affiliated television station licensed in Poland Spring, Maine, presumably to buttress their claim that personal jurisdiction exists over ABC and, accordingly, all of the additional Defendants.

Because ABC has waived the issue of personal jurisdiction, I need not decide whether the presence of its affiliate station satisfies the personal jurisdiction requirements of the RICO statute.   Instead, I determine that even if personal jurisdiction does exist as to ABC, the "ends of justice" do not support the exercise of personal jurisdiction over the other Defendants.

"[T]he existence of an alternative forum will be a significant and often dispositive factor in making [an 'ends of justice'] determination." *Dispensa*, 2020 WL 2573013, at *10.  Here, there is a clear alternative federal forum: the Middle District of Florida.  Taking the Amended Complaint as true, the vast majority of the alleged

---

dismissal with prejudice. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438-39 (7th Cir. 2004). Chart does not appear to seek dismissal with prejudice, because it argues, and I agree, that the end result is the same: "[a] jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court." *Id.* at 438.

[10] Because ABC has not raised the issue of personal jurisdiction, I conclude that it has waived the personal jurisdictional requirement.  *See Lechoslaw v. Bank of Am., N.A.*, 618 F.3d 49, 55 (1st Cir. 2010) ("It is clear that a defense of lack of jurisdiction over the person is waived if not timely raised in the answer or a responsive pleading." (internal quotation marks omitted)).

wrongs that the Plaintiffs suffered took place in that District, and it is far more likely that specific personal jurisdiction would exist as to the Defendants in that District.

This Court also lacks personal jurisdiction over any of the Defendants under the traditional framework. With regard to general jurisdiction, there has been no allegation that Chart, FMCNA, ACTS, Axis, FLMIC, or CNA has continuous or systematic pursuit of business in Maine. Specific jurisdiction as to any of these Defendants is also inappropriate, as none of the alleged wrongdoing took place in Maine. Therefore, the claims against Chart, FMCNA,[11] ACTS, Axis, FLMIC, and CNA must be dismissed without prejudice for lack of personal jurisdiction.

Separately, the Plaintiff has not established personal jurisdiction over former President Trump. Proper service, or waiver of the defect, is essential to establishing personal jurisdiction. *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992)*; see also Carty v. R.I. Dep't of Corr.*, 198 F.R.D. 18, 20 (D.R.I. 2000) ("[W]ithout service of process, this Court has no jurisdiction over the . . . defendants."). While service of process itself is not a jurisdictional requirement, it is "the mechanism through which exercise of jurisdiction is effected." *Dispensa*, 2020 WL 2573013, at *3 (citing *Omni Cap. Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

---

[11] FMCNA has also filed a motion for a pre-filing injunction against Schneider pursuant to the All Writs Act, 28 U.S.C.A. § 1651(a) (ECF No. 83). A court "may" issue such an injunction, "but it is never required to do so." *In re Apple, Inc.*, 149 F. Supp. 3d 341, 351 (E.D.N.Y. 2016). Because the granting of a pre-filing injunction against a pro se plaintiff "should be approached with particular caution" and is "very much the exception to the general rule of free access to the courts," *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980), and because there may be adequate alternative sanctions, *see Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004), I decline to grant the injunction.

There were two summonses issued as to former President Trump, but neither was served successfully.  Because the Plaintiffs never successfully served former President Trump, this Court cannot exercise personal jurisdiction over him.[12]  The claim against former President Trump is therefore dismissed without prejudice for lack of personal jurisdiction.

## C.     The Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted Against ABC

Because ABC has waived the requirements of personal jurisdiction, and because this Court has federal question jurisdiction over the RICO claim against ABC, I reach the merits and determine whether the Plaintiffs have stated a claim upon which relief can be granted.

As noted above, to state a valid civil RICO claim a plaintiff must allege an injury to his or her "business or property." 18 U.S.C.A. § 1964(c).  In this instance, even reading the Amended Complaint broadly and accepting all allegations as true, there is no valid claim of injury by ABC to any business or property owned by the Plaintiffs.  The Plaintiffs allege only "severe emotional distress," ECF No. 28 at 151, and the disruption of what they characterize as Schneider's "business expectancy with USC to post a journalism job about [Schneider's mother's] murder cover-up storyline," *id.* at 402, neither of which constitutes an injury under the RICO statute.

---

[12]  Without jurisdiction, the Court does not reach the motion for default judgment raised by the Plaintiffs (ECF No. 85).

Because the Amended Complaint fails to properly plead a RICO claim against ABC, the Plaintiffs fail to sufficiently state a claim upon which relief can be granted. Thus, the claim against ABC is properly dismissed with prejudice.

## IV. CONCLUSION

For the reasons discussed above, it is **ORDERED** that the Recommended Decision (ECF No. 73) of the Magistrate Judge is hereby **ACCEPTED** and the Defendants' Motions to Dismiss (ECF No. 40, 46, 51, 56, 62, 65, 66) are **GRANTED IN PART** as to the grounds explained above.  The Amended Complaint is **DISMISSED** with prejudice as to ABC, and without prejudice as to AXIS, FLMIC, Chart, FMCNA, ACTS, CNA, and former President Trump, and the Clerk's Office is instructed to close the case.  All of the Plaintiffs' pending motions (ECF Nos. 9, 10, 11, 18, 19, 20, 21, 25, 29, 75, 85) are **DENIED AS MOOT**.  FMCNA's Motion for Pre-Filing Injunction (ECF No. 83) is also **DENIED**.

**SO ORDERED.**

**Dated this 31st day of March, 2021.**

_____
        /s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**
